**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THURMAN DEE PAYNE,** | **1:04-cv-6330 OWW LJO** |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTIONS TO DISMISS.** |
| v. | |
| **ORANGE COUNTY DEPT. OF CHILD SUPPORT, et al.,** | |
| Defendants. | |

## I. INTRODUCTION

Defendants County of Orange ("County")[1] and Jan Sturla ("Sturla")[2] move under Fed. R. Civ. P. 12(b)(4), (5), and (6) to dismiss the Complaint of Plaintiff *pro se* Thurman Dee Payne. Doc. 11, filed Jan. 13, 2005. They also move under Rule 12(f) to strike Plaintiff's demand against the County for punitive damages. Doc. 10, filed Jan. 13, 2005. The County and Sturla further move alternatively under Rule 12(b)(3) to dismiss for improper venue, or to transfer this case to the Central District of California pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Doc.

---

[1] Erroneously sued as "Orange County Department of Child Support."

[2] Erroneously sued as "Jan Staurl."

**1**

12, filed Jan. 13, 2005. Finally, and also in the alternative, they move under Fed. R. Civ. P. 12(e) for a more definitive statement of the facts. Doc. 11.

Defendants Stockmen's Bank ("Bank"), Farrel Holyoak ("Holyoak"), and Leon Schlotterbeck ("Schlotterbeck") move to dismiss Plaintiff's Complaint under Rules 12(b)(4) and (5). Doc. 7, filed Nov. 22, 2004.

Defendant State of California Franchise Tax Board ("FTB") moves to dismiss under Rules 12(b)(1), (4), (5), and (6), Doc. 13, filed Feb. 16, 2005, or, in the alternative, for a more definitive statement of the facts under Rule 12(e), *id.*

Plaintiff filed no opposition to any of the foregoing motions. The motions were submitted on the papers without oral argument. Doc. 9.

Because all Defendants may be dismissed under Rule 12(b)(6), it is unnecessary to reach the numerous other motions brought by the various Defendants, save for the County's motions to strike Plaintiff's demand for punitive damages and to transfer the case to the Central District of California.

## II. BACKGROUND

On June 28, 1982, the Superior Court of California for the County of Orange apparently ordered Plaintiff to pay $575 in overdue child support and $150 per month thereafter. Doc. 1,

1  Compl. at 5A, filed Sept. 29, 2004.³  On March 13, 1986, the
2  Orange County Municipal Court issued a warrant for Plaintiff's
3  arrest on charges of failure to pay child support, and Plaintiff
4  was subsequently arrested.  *Id*.  During his appearance in Orange
5  County Municipal Court, Plaintiff claims that the judge dismissed
6  his case and "eliminated entirely" the child support obligations
7  imposed in 1982.  *Id*.  Plaintiff provides no court orders of
8  other certified record of action "dismissing" the child support
9  case, nor any information as to what transpired between 1986 and
10 2002 with respect to the aforementioned child support obligation
11 or any other such obligation.  However, on March 29, 2002, FTB,
12 acting on behalf of the Orange County Department of Child Support
13 Services, issued a levy against Plaintiff's funds held at the
14 Bank in the amount of $41,651.01.  *Id.* at 5-6A.  In response,
15 Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging that
16 Defendants deprived him of his money without due process of the
17 law, thereby violating his Fourteenth Amendment rights.  *Id*. at
18 5.  Plaintiff further alleges that Defendants violated his Fourth
19 Amendment rights when they seized his money "[w]ithout probable
20 cause upon a STALE warrant and a court order that had been
21 terminated and destroyed."  *Id*. (emphasis in original).

22      Plaintiff does not identify or provide the "stale" warrant
23 or court order by which FTB seized his money.  It can be inferred
24 from the Complaint that Plaintiff may be referring to the warrant

---

³ Three pages of the Complaint bear the unorthodox numbering designation "5 of A," "6 of A," and "7 of A," respectively.  To avoid confusion, these pages shall be referred to as 5A, 6A, and 7A, respectively.

**3**

for his arrest issued by Orange County Municipal Court in 1986. *See id.* at 5A.  Regardless, Plaintiff impliedly asserts that FTB seized his money in a collection action initiated by the County to recover child support due since 1982.  *See id.*

Plaintiff seeks a total of $2,050,000 in compensatory damages and $2,100,000 in punitive damages from the various defendants.[4]  *Id.* at 8.  Plaintiff also requests a declaration under 28 U.S.C. § 2201 that each of the Defendants violated his constitutional rights.[5]  *Id.*

### III. STANDARD OF REVIEW

**A. Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).**

A district court should not grant a motion to dismiss under Rule 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).  In evaluating a complaint, the court must "accept all factual allegations...as true and draw all reasonable inferences in favor of the nonmoving party." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  However, purely conclusory allegations need not be countenanced. *See*

---

[4] Specifically, Plaintiff requests that the County, FTB, and the Bank each pay him $350,000 in compensatory damages and $700,000 in punitive damages.  Plaintiff requests that Sturla, unknown agents of FTB, Holyoak, and Schlotterbeck each pay him $250,000 in compensatory damages.

[5] Plaintiff's caption to his complaint erroneously states that he sues pursuant to 42 U.S.C. § 2201.  He correctly cites 28 U.S.C. § 2201 at page 8 of his complaint.

**4**

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B.    Special Considerations for *Pro Se* Litigants.**

Courts have a "duty...to construe *pro se* pleadings liberally." *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (*citing Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted)). The pleadings of *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes*, 449 U.S. at 10 (quotation omitted). However, "a liberal interpretation of a [*pro se*] complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**IV.    DISCUSSION**

**A.    Claims Under 42 U.S.C. § 1983.**

Section 1983 creates a cause of action "against any person acting under color of law who deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003). Although courts are instructed to construe remedial statutes such as Section 1983 "liberally and beneficently," *id.,* (*quoting Dennis v. Higgins*, 498 U.S. 439, 443 (1991)), certain persons and other entities are immune from Section 1983 liability.

**1.    Plaintiff's Section 1983 Claim Against FTB.**

"Neither a State nor its officials acting in their official capacities are 'persons' under Section 1983." *Will v. Mich.*

5

*Dept. of State Police*, 491 U.S. 58, 71 (1989). Furthermore, Governmental entities that are considered "arms of the State" are also immune from Section 1983 suits. *Id.* at 70. As California's primary tax collection agency, FTB is an "arm" of the State of California and cannot be sued under Section 1983. *See In re Mitchell*, 209 F.3d 1111, 1115-1117 (9th Cir. 2000). The Section 1983 claims against FTB must be **DISMISSED WITH PREJUDICE**.

### 2. Plaintiff's Section 1983 Claims Against The County and Sturla.

Municipal governments (such as counties and cities) are "persons" subject to suit for constitutional torts under Section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003). Municipal governments may be "sued directly under § 1983 for monetary, declaratory, or injunctive relief" for an alleged deprivation which "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers...[or for] deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell*, 436 U.S. at 690-91. Employees of such entities, acting in their official capacities, may also be sued, although this "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent...." *Id.* at 690 n.55.

However, to state a claim against the County and Sturla, Plaintiff must at least allege that the County's efforts to deprive him of his money were pursuant to some official or

**6**

unofficial County policy. *See id.* at 690-91. Plaintiff's complaint contains no such allegation. While Plaintiff accuses the County of initiating a proceeding against him without a valid warrant or probable cause, *see* Doc. 1 at 5, and claims that Sturla "allowed [the] proceeding to be initiated," *id.*, Plaintiff does not allege that the County carried out this action as part of a pattern, policy, or custom.[6] The Section 1983 claims against the County and Sturla must therefore also be **DISMISSED**.

### 3. Plaintiff's Section 1983 Claims Against The Bank, Holyoak, and Schlotterbeck.

A proper defendant in a Section 1983 suit must have acted under "color of law" while perpetrating the alleged constitutional violation. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783 (9th Cir. 2001). Here, however, the Bank is a private financial institution incorporated in Arizona, while Holyoak and Schlotterbeck are private individuals. Private individuals or other private entities cannot act under color of state law for purposes of Section 1983 "unless they conspired or acted jointly with state actors to deprive the plaintiffs of their constitutional rights." *Id*. at 783. To prove such a conspiracy, a plaintiff must show that the state and private actors reached "an agreement or meeting of the minds to violate

---

[6] By contrast, for example, the Ninth Circuit has sustained a § 1983 claim against a municipal police department where that police department had authorized apprehension of "*all* concealed suspects — resistant or nonresistant, armed or unarmed, violent or nonviolent — by dogs trained to bite hard and to hold," and the plaintiff was actually mauled by such a police dog while attempting to conceal himself from a police search. *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (emphasis in original).

**7**

constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-1541 (9th Cir. 1989).

Plaintiff alleges that the Bank, Holyoak, and Schlotterbeck "engag[ed] in prohibited conduct" with the County and FTB, Doc. 1, Compl. at 3-4, by agreeing to release Plaintiff's money held in an account at the Bank without ensuring that FTB's levy was based on a valid claim by the County, *id.* at 7.  However, mere acquiescence in a lawful government investigation does not constitute participation in a conspiracy with the state to violate civil rights. *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983).  Plaintiff does not allege that the Bank, Holyoak, or Schlotterbeck did more than comply with FTB's levy, nor has Plaintiff asserted that they had any reason to know that the levy was based upon an allegedly "STALE warrant and a court order that had been terminated and destroyed." *See* Doc. 1 at 5 (emphasis in original).  In short, Plaintiff has stated no cognizable Section 1983 claim against the Bank, Holyoak, or Schlotterbeck.

**B.    Declaratory Relief Under 28 U.S.C. § 2201.**

Section 2201 provides that a party seeking declaratory relief must state an otherwise valid claim:

> In a case of actual controversy within its jurisdiction...any court of the United States, <u>upon filing of an appropriate pleading</u>, may declare the rights and other legal relations of any party seeking such declaration....

28 U.S.C. § 2201(a) (emphasis added).  Plaintiff has stated no valid claims and is therefore not entitled to declaratory relief against any Defendant.

C.   **Punitive Damages.**

"Upon motion made by a party before responding to a pleading," Rule 12(f) grants district courts the authority to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). The County, in its first filing pursuant to this action, moved to strike Plaintiff's request for punitive damages against it. Doc. 10, filed Jan. 13, 2005; *see also* Doc. 1, Compl. at 8. Municipalities (public entities such as counties) are immune from punitive damages sought under Section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The County's motion to strike Plaintiff's claim for punitive damages is therefore **GRANTED WITHOUT LEAVE TO AMEND**.

D.   **Leave to Amend.**

A district court shall grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). However, leave need not be granted if it would be futile, cause undue delay, is sought in bad faith, or would prejudice the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997).

In regard to FTB, leave to amend would be futile. FTB is an arm of the State of California and is immune from suit under Section 1983.

With respect to the County, Sturla, the Bank, Holyoak, and Schlotterbeck, Plaintiff is granted an opportunity to amend his

9

complaint to set forth valid claims under federal law in accordance with this decision.

**E.   Venue.**

As a civil action arising under the laws of the United States, federal district courts have original jurisdiction over a Section 1983 suit.  28 U.S.C. § 1331.  However, Section 1983 plaintiffs may not sue in any particular federal district court that most pleases them.  Venue must be appropriate.  When all defendants to a suit do not reside in the same state, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" is the appropriate venue.  28 U.S.C. § 1391(a)-(b).  Here, not all Defendants reside in the same state: some reside in Arizona (i.e., the Bank, Holyoak, and Schlotterbeck) and the remaining California defendants (the County and Sturla) reside in Orange County, CA.  Therefore, the district court looks for a place where "a substantial part" of the events leading to this case occurred.  Orange County is where Plaintiff was ordered to pay child support, where he was arrested for failing to pay support, and where the actions leading to the levy on his money took place.  The Central District of California (the district covering Orange County) appears to be the most appropriate venue.

A district court may transfer a case to another district court if venue is improper where the suit has been filed.  28

**10**

U.S.C. § 1406(a).  This case is therefore **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, AT SANTA ANA, CALIFORNIA.**

## V.  CONCLUSION

For the reasons stated herein:

1. The case is **DISMISSED FOR IMPROPER VENUE** and **TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, AT SANTA ANA, CALIFORNIA.**

1. FTB's motion to dismiss (Doc. 13) is **GRANTED;** the claims against FTB are **DISMISSED WITH PREJUDICE** and FTB is **DISMISSED AS A DEFENDANT;**

2. The County and Sturla's motion to dismiss (Doc. 11) and to strike Plaintiff's demand for punitive damages (Doc. 10) are **GRANTED;** the punitive damages claims against the County are **DISMISSED WITH PREJUDICE;** the Section 1983 and Section 2201 claims against the County and Sturla are **DISMISSED WITH LEAVE TO AMEND;**

3. The Bank, Holyoak, and Schlotterbeck's motion to dismiss (Doc. 7) is **GRANTED;** the claims against these defendants are **DISMISSED WITH LEAVE TO AMEND;**

4. Plaintiff shall file any amended complaint within **TWENTY (20)** days following service of this order.

**11**

**SO ORDERED.**

**DATED: July _7__, 2005.**

                **/s/ OLIVER W. WANGER**

                _____

                 **Oliver W. Wanger**
                **UNITED STATES DISTRICT JUDGE**

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**12**

//